## HARRY E. GERMAN ET AL., BOARD OF ELECTION SUPERVISORS FOR BALTIMORE COUNTY

### vs.

### EDWARD C. SAUTER.

*Primary Election—Qualifications of Candidate.*

Code, Art. 33, Sec. 184, providing for the preparation and printing, by the several Boards of Supervisors of Elections for Baltimore City and in the counties, respectively, of official ballots to be used at primary elections, does not require that one seeking to have his name placed on the ballot should himself be qualified to vote at the primary election at which the ballot is to be used, and consequently such a board was not justified, merely because petitioner was registered as an affiliated Democrat, in refusing to place his name upon a Republican ballot. p. 53

*Decided February 18th, 1920.*

Appeal from the Circuit Court for Baltimore County (HARLAN, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*John Mays Little,* for the appellants, submitted the cause on brief.

*John Watson, Jr.,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellee, Edward C. Sauter, on September 3rd, 1919, filed his petition in the Circuit Court for Baltimore County, alleging that he was a resident of the Second Election District of that county and was a registered voter of the second precinct of said district; that on the 15th day of Aug., 1919,

he filed with the Board of Supervisors of Election for said county a certificate in writing containing his name, address, residence, place where registered, "and the office or position for which he sought to be nominated or selected, to wit, a member of the Republican State Central Committee for the Second District of Baltimore County and a statement of the party" of which he was a member; "but said Board of Supervisors of Election, although retaining in its possession his said certificate, wrongfully refused to place his name upon the ballots to be provided for the primary election to be held in said county on the 8th day of September, 1919."

The petition concludes with a prayer to the Court asking that a writ of mandamus be issued "directed to the defendants, the said Board of Supervisors of Election for Baltimore County, commanding them to place upon the ballots to be provided for the said primary election in and for said Second District of Baltimore County the name of your petitioner as a candidate for the office or position of member of the Republican State Central Committee for the Second District of Baltimore County."

The defendants in answer to said petition admitted all of its allegations except the one alleging that they wrongfully refused to place the name of the petitioner upon the ballot, which they denied. The answer averred that the petitioner was at the time "a registered voter of the Second precinct of the Second Election District, affiliated as a Democrat and not as a Republican," and because of such fact he was "not entitled to have his name placed upon the official Republican ballot to be voted on at the coming primary as a candidate for Republican State Central Committee for said Election District."

A demurrer to the answer was sustained and an order was passed directing the writ to issue, as prayed. It is from that order this appeal is taken.

Section 184 of Article 33 of the Code (Vol. 4) of Public General Laws of Maryland, provides for the preparation and

printing of official ballots by the several Boards of Supervisors of Elections for Baltimore City and in the counties, respectively, to be used at primary elections in said city and counties, respectively, and it directs that

> "said several Boards of Supervisors of Elections shall print or cause to be printed on said official ballots the names of all candidates for office to be voted for, and for delegates to any convention, or for party executive or executives, or for membership of any executive committee or managing body of any political party, who shall become duly qualified by the payment of the amount herein named, when any payment is herein required, and shall have filed a certificate in writing with the Board of Supervisors of Elections in Baltimore City or in any of the counties, as the case may be, containing the name of the persons seeking a nomination for office or to be a delegate to a convention, or an executive or member of an executive committee or managing body of a political party, his residence, place where he is a registered voter, his address, the office or position for which he seeks to be nominated or selected, and the party to which he belongs, and duly acknowledged by the person filing such certificate for such nomination or selection before an officer duly authorized to take acknowledgments, who shall append a certificate of such acknowledgment."

The written certificate of the appellee, as shown by his petition, contains all the requirements found in the section of the Code just quoted necessary to be included therein, but nevertheless the appellants refused to place his name upon the ballot. Their action in so doing was based upon the fact that as an affiliated Democrat he, under Section 182 of Article 33, could not vote for a candidate in the primary election of the Republican party, and consequently could not vote for himself, and as he could not vote for himself, they contend he was not entitled to have his name placed upon the ballot.

The appellee in this case was a candidate for nomination for the office or position of "a Member of the Republican State Central Committee for the Second District of Baltimore County," and to entitle him to have his name placed upon the ballot, he was only required to do those things required of him by the statute, and when these requirements were complied with, it was the duty of the Board of Supervisors of Election to place his name thereon. It was not essential to his qualifications as a member of the Republican State Central Committee for a district, either under the statute or the Constitution of the State, that he should be entitled to vote at such primary election. If he was not a registered affiliated voter at the time of the primary election, he could not vote at all at that primary election, or if he, at the time, was registered as an affiliated Democrat, he could not vote in the Republican primary; but the statute fails to make it an essential qualification for a member of a Republican State Central Committee for a district that he be a registered voter of said district at the time of the primaries, or that he, at such time, be registered as an affiliated member of that party. The appellee having done what was required of him by the statute, the Board of Election Supervisors should have placed his name upon the ballot as requested.

The wisdom or expediency of placing the name of an affiliated Democrat upon a Republican ballot to be voted for as a Republican, or the name of an affiliated Republican on a Democrat ballot to be voted for as a Democrat, is not to be considered by us in acting upon the question here presented. That was a matter for the consideration of the Legislature that passed the Act.

The order appealed from was properly passed, and it will be affirmed.

*Order affirmed, with costs to the appellee.*